————o————

No. 3986.

(Court of Appeal, Parish of Orleans.)

MISS RUTH M. HARRISON vs. MISS HELEN PITKIN.

1. In a suit for damages on a quantum meruit where actual damages are shown, it is not competent for the Court to award nominal damages.
2. However, where the expert witnesses summoned to testify as to the value of certain work or labor, the basis of the suit and when the estimates of said experts vary from $5 to $400.00 or $500.00, it is in that case competent for the Court, after carefully considering and weighing the evidence, to award what it conceives to be a just and fair compensation, and unless the finding of the trial judge, who has seen and heard the witnesses, is manifestly erroneous, it will not be disturbed on appeal.

Appeal from Civil District Court, Division "A."

W. S. Benedict, for Plaintiff and Appellee.

Phil H. Mentz, for Defendant and Appellant.

ESTOPINAL, J. Plaintiff sues to recover of the defendant the sum of five hundred dollars ($500.00), alleging in her petition, that in the summer of 1903, she entered into a verbal contract with the defendant to compile a book intended to contain music selections, folklore, pictures, photographs and illustrations to which was to be added descriptive comments; that plaintiff was to furnish the musical selections, and the defendant was to write the descriptive comments; that the book was to be published at their joint expense, and the profits accruing to be shared by them.

Plaintiff avers that she performed all of the work which was intended she should perform under the agreement with the defendant, by collecting a number of creole, as well as other songs, folklore, pictures and photographs, all of which were furnished defendant with the express understanding that the material so furnished was to be used exclusively in their contemplated book.

Plaintiff avers that while she was earnestly engaged in fulfilling her obligations under the contract, the defendant was writing a book of her own, which has since been published under the title of "An Angel By Brevet;" that the defendant, without notice to plaintiff and without her consent, made use of part of the material furnished her by plaintiff, by publishing the same in her said book, "An Angel By Brevet." Plaintiff avers that when she saw the book she protested and called the matter to the attention of defendant who admitted she had used the material for her individual benefit and without the consent of plaintiff.

Defendant interposed the plea of no cause of action, and denies all the averments contained in plaintiff's petition, and further answering says: That during 1903, she and the plaintiff agreed that they would jointly prepare a book to consist mainly of old *creole songs,* to which defendant was to furnish the letter press which was to make a consecutive entirety of the whole; that plaintiff did not perform her portion of the work; that there are hundreds of these creole songs brought to Louisiana by African slaves from the French West Indies, which were commonly sung by negroes there and are yet remembered by negroes in New Orleans; that plaintiff reduced ten of these to writing and gave them to defendant, the songs

being a part that plaintiff herself knew and remembered; that the songs were very brief and required about an hour's time to reduce them to writing form.

Defendant avers that the material furnished was entirely inadequate for the purposes of the contemplated book, that with proper effort made, three months should have sufficed to compile the material necessary to form the book; that defendant, it was understood, should perform her part of the work when plaintiff had first completed hers.

Defendant then avers that the songs published in her book, "An Angel By Brevet," had already been published in the Century Magazine (May, 1886), and had been generally read by the public of this country and could be, and had been bought by her for seventy cents.

There was judgment below in favor of plaintiff for one hundred and fifty dollars ($150.00), from which judgment defendant appeals, plaintiff joining in the appeal and seeking an award by this Court of the sum sued for, five hundred dollars ($500.00).

The testimony which is found in this record is of such a character, particularly that of the two ladies, parties to this suit, as to make it difficult, if not impossible, to follow them and bring about order out of the chaos which they by their irreconcilable statements have brought about.

Industrious counsel have, in their earnest labor in the interest of their respective clients, gone deep into the evidence and every branch of the case, and it is a pity that both counsel cannot be equally rewarded for their zealousness.

It is not disputed that the plaintiff and defendant entered into an agreement to co-operate in the publication of a book. It is quite evident that the venture was suggested by the work of Clara Gottschalk, a copy of which defendtnt had previously exhibited to plaintiff.

We are satisfied that the parties intended the book contemplated by them should contain the same character of songs and melodies as found in Clara Gottschalk's book, but that the book should be larger, more elaborate, and be an "edition de luxe." We are satisfied from the evidence that by the character of the work as mutually allotted, it was incumbent upon the plaintiff to furnish, if not all, at least a substantial part of the work before the defendant could undertake her part.

The defendant herself admits that she might have commenced

her share of the work on the material furnished by plaintiff, but that she was too busy reading proof of her own book.

It is shown that the defendant was furnished with certain manuscripts and photographs which she greatly praised and valued, her letters to the plaintiff doubtless awakening in the latter visions of fame and wealth.

Defendant attempts to make light of the agreement entered into between herself and the plaintiff, and it is referred to in brief as a *casual agreement.* The history of the transaction referred to by the correspondence between the ladies, gives it the character of a serious, definite and binding agreement of partnership at all times seriously contemplated by plaintiff, and for a time, or until the production of "An Angel By Brevet," by the defendant as well.

As suggested by counsel the case, as presented and conducted is not one on which a judgment can be predicated on a violated agreement, because, in that case the only suit possible would then be for the liquidation of the partnership, in which case it would devolve on the plaintiff to show that she had performed all of her part of the work which would be valued and measured with the work done by the defendant, an din that way reach a settlement of the partnership. At any rate, with the record as made up, it is absolutely impossible to settle the difference between the parties as a partnership.

As presented the case is one of quantum meruit.

It is urged by defendant's counsel that since actual damages have been shown and fixed by experts summoned by both parties to the suit, it was error on the part of the District Judge to fix the damages at one hundred and fifty dollars ($150.00); that actual damages amounting to five dollars or some such ridiculously trifling amount was affirmatively shown, and that this should not have been disregarded by the trial judge.

Of course, there can be no difference between this Court and counsel on the proposition that where actual damages are proven, nominal damages may not be allowed.

The jurisprudence of this State has settled this question beyond doubt in several cases, viz: 47 A. 255; 107 La. R. pp. 265-6-7; 113 La. R. p. 871.

If, in a suit for damages, it is affirmatively shown that the damages amount to one hundred and fifty dollars ($150.00),

the Court would err in giving a judgment for twenty-five ($25.00) dollars, and certainly the converse of this is true.

But in the case at bar, has satisfactory proof of damages been made as to amount?

Proof of some actual damages has been made, but the variance in the estimates of the distinguished artists and experts who testified, their estimates varying from five to five hundred dollars, make it difficult for any Court to determine with mathematical precision the amount of the damages.

This being the case, it apepars as though the fixation of the damages was reached by the District Judge by striking an average, and unless his finding is shown to be manifestly erroneous, it will not be disturbed on appeal.

The evidence shows that plaintiff performed a considerable part of the work which she had agreed to, and furnished some of it to the defendant, who, all the while ,was in a distant City, and who, as far as the evidence shows, neither by a stroke of her pen or otherwise, ever at any time did the least work or effort, looking to the perfection of the partnership book.

The plaintiff was all along encouraged by the defendant to continue in the collection of the material which defendant declared was very valuable, and would make a valuable book.

Though the suit is one pitched on a quantum meruit and not for a violated agreement, we cannot dismiss the discussion without saying that the course of conduct between these ladies tend to show the good faith and absolute sincerity of the plaintiff and the decided reverse on the part of the defendant, who, while the plaintiff was industriously at work here, was engaged exclusively in the preparation of her own work, "An Angel By Brevet," using in said book, for her *personal gain and* profit, the labor and talent of plaintiff, designed for another book and their *mutual profit.*

We repeat, actual damages are shown in this record, but their quantity is neither fixed nor definite.

The testimony of witnesses by whom it is attempted to establish the value of plaintiff's work is either high or very low, and in that case we deem it competent for the Court to exercise not absolute discretion, but to consider and to weigh the testimony of the experts and other witnesses; and thereupon fix what it conceives to be just and fair compensation.

Our appreciation of the testimony leads us to the conclusion that the award of the District Judge is neither insufficient nor excessive, and we shall not disturb it.

It is therefore ordered, adjudged and decreed that the judgment appealed from be, and it is hereby affirmed.

November 19, 1906.

## ON REHEARING.

Where the testimony of experts is not given in a controversy between a member of their guild and one who is not, but in a case where plaintiff and defendant alike were co-operating towards a result involving mutual and kindred artistic matters, the reason for the rule that Courts should adopt the lowest estimate disappears.

MOORE, J. We have again carefully read the evidence in this cause and have duly considered the able oral and printed argument of the learned counsel for appellant submitted on rehearing, but we are not persuaded that our former opinion and decree are erroneous.

As stated by the District Judge who saw and heard the witnesses, the testimony of all the experts is so unsatisfactory as not to serve as a useful guide to the Court in the ascertainment of the quantum of damages.

Considering that the testimony of the experts is not given in a controversy between a member of their guild and one who is not, but in a case where plaintiff and defendant alike were co-operating towards a result involving mutual and kindred artistic matters, the reason for the rule that Courts should adopt the lowest estimate disappears. Under the circumstances described by the record the latitude exercised by the District Judge in forming an estimate was not error.

It is therefore ordered, adjudged and decreed that our former opinion and decree remain undisturbed.